UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

LUIS CARLOS GOMEZ,

        Petitioner

    -vs-

JOHNATHAN MINER, WARDEN, and
ALBERTO GONZALEZ, ATTORNEY
GENERAL,

        Respondents

NO. 3:CV-06-1552

(Judge Kosik)

## **MEMORANDUM**

**I.     Background**

    Luis Carlos Gomez, an inmate confined at U.S.P. Allenwood, Pennsylvania, filed this habeas corpus action on August 10, 2006 pursuant to 28 U.S.C. §2241.  Named as respondents are Johnathan Miner, Warden, and Alberto Gonzalez, Attorney General. While petitioner has not submitted the required $5.00 filing fee, we will grant him leave to proceed in forma pauperis in this matter.

    In his petition, petitioner states that he was convicted of conspiracy to distribute cocaine in violation of 21 U.S.C. §846 and possession with intent to distribute cocaine in violation of 21 U.S.C. §841 in the United States District Court for the District of Maryland. He states that he was given a life sentence on November 6, 1996.  He further states that he appealed the judgment of conviction in the United States Court of Appeals for the Third Circuit.[1]  He states that he filed a motion to vacate sentence in the United States District

---

[1] We assume petitioner filed his direct appeal in the United States Court of Appeals for the Fourth Circuit.

Court for the District of Maryland and that he was resentenced to 28 years on December 5, 2001.

In his petition, petitioner requests "release from unlawful judgment and sentence that is void." Specifically, petitioner states:

> Warden Johnathan Miner, custodian of the United States Penitentiary Allenwood has Petitioner Luis Carlos Gomez illegally confined in his custody based upon a Judgment and Commitment Order that is Void. The Judgment is invalid due to the fact that it failed to cite the statutory authority under Title 21 U.S.C. §§841(b)(1)(A)(iii), §851(a)(1), (2), (c)(2) and Title 18 U.S.C. §§3559(a)(a), (c)(1)(A)(ii) subsections Warden Johnathan Miner's authority to maintain custody over Petitioner invalidates the legality of the Judgment. Title 21 U.S.C. § §841 and §846 Cited in the Judgment has no legislative penalty provision authorizing Judgment to be entered against Gomez in this action. Thereby, rendering Judgment Void and Imprisonment Illegal. See Hilton v. Braunskill, 481 US 770, 95 L.Ed.2d 724, 107 S.Ct. 2113; Schlanger v. Seamans, 401 US 487, 28 L.Ed.2d 251, 91 S.Ct. 995.

Attached to the petition is the petitioner's "Judgment in a Criminal Case" filed in the United States District Court for the District of Maryland dated November 6, 1996. Also attached to the petition is an affidavit from petitioner's former counsel filed in the United States District Court for the District of Maryland filed on September 24, 2001 addressing his representation of petitioner.

## II.   Discussion

A challenge to a federal criminal defendant's conviction or sentence, as in the instant case, is most appropriately brought as a motion pursuant to 28 U.S.C. §2255 filed in the district court in the district where he was convicted. United States v. Addonizio, 442 U.S. 178, 185 (1979); United States v. Miller, 197 F.3d 644, 648 n.2 (3d Cir. 1999); In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997).[2]  As a general rule, a §2255 motion

---

[2] Section 2255 provides, in part, that "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to

"supersedes habeas corpus and provides the exclusive remedy" to one in custody pursuant to a federal court conviction. Strollo v. Alldredge, 463 F.2d 1194, 1195 (3d Cir.)(per curiam), cert. denied, 409 U.S. 1046 (1972). "Section 2241 'is not an additional, alternative or supplemental remedy to 28 U.S.C. §2255.'" Myers v. Booker, 232 F.3d 902 (10th Cir. 2000)(unpublished disposition at 2000 WL1595967)(citing Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996)).

A defendant can pursue a 2241 petition only when he shows that the remedy under section 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. §2255; see also United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000). The inadequacy or ineffectiveness must be a "limitation of scope or procedure . . . prevent[ing] a §2255 proceeding from affording . . . a full hearing and adjudication of [a] wrongful detention claim." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002)(citing Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002)(per curiam)). "It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative." Cradle, 290 F.3d at 538 (citing Garris v. Lindsay, 794 F.2d 722, 727 (D.C.Cir. 1986)); see also Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001)("A prior unsuccessful §2255 motion or the inability to meet" the requirements for a second or successive 2255 motion "does not make a §2255 inadequate or ineffective."); Brown v. Mendez, 167 F.Supp.2d 723, 727 (M.D.Pa. 2001). If a petitioner improperly challenges a federal conviction or sentence under §2241, the petition must be dismissed for lack of jurisdiction. Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971).

In Cradle v. United States, the Third Circuit emphasized that a §2255 motion is not inadequate or ineffective to test the legality of a federal prisoner's detention, so as to permit the prisoner to seek habeas relief pursuant to §2241, merely because the sentencing court had denied relief, because the one-year statute of limitations had expired,

---

test the legality of his detention."

or because the prisoner was unable to meet the stringent gatekeeping requirements of §2255. Rather, the court in Cradle held that the habeas exception recognized in §2255 was merely to make sure that petitioners had a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements. Cradle, 290 F.3d at 538-39.

As stated in Dorsainvil, the availability of the §2241 remedy to challenge a federal conviction is extremely limited. Dorsainvil, 119 F.3d at 250. A prisoner can pursue habeas relief under the safety valve clause of §2255 usually only in a situation where a subsequent statutory interpretation reveals that the prisoner's conduct is no longer criminal to avoid a miscarriage of justice. See Brown v. Mendez, 167 F. Supp. 2d 723, 726-27 (M.D. Pa. 2001).

With the above principles as our guide, it is clear that petitioner cannot raise his claims in the instant §2241 petition. Petitioner is arguing that his judgment and sentence were void because the judgment failed to cite statutory authority. While Petitioner filed a motion to vacate sentence in the United States District Court for the District of Maryland, this does not make the §2255 remedy inadequate or ineffective.

Further, petitioner does not demonstrate the emergence of a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that would negate the criminality of his actions. See 28 U.S.C. § 2244(b)(2)(A); Dorsainvil, 119 F.3d at 251 (in denying motion for certification to file a second Section 2255 petition without prejudice to petitioner filing a Section 2241 habeas corpus petition because passage of a subsequent law may negate the crime of which he was convicted, the Third Circuit Court of Appeals stated in dicta, "[w]e do not suggest that §2255 would be 'inadequate or ineffective' so as to enable a second petitioner to invoke §2241 merely because that petitioner is unable to meet the stringent gatekeeping requirements of the amended §2255. Such a holding would effectively eviscerate Congress's intent in amending §2255.").

In the instant case, petitioner argues that his judgment is invalid because it failed to cite statutory authority.  He does not claim he is innocent of the underlying crime of which he was convicted, but merely challenges his judgment and sentence.  He does not come forth with any change in the substantive law which negates the criminal activity of which he was convicted, but rather raises sentencing and judgment issues.  Based on the foregoing, the instant situation does not fall within the limited exception recognized in <u>Dorsainvil</u> which would permit petitioner's §2241 petition challenging his federal judgment and sentence.  Accordingly, the petition will be denied.  An appropriate Order follows.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

LUIS CARLOS GOMEZ, :
:
        Petitioner :
:
: NO. 3:CV-06-1552
-vs- :
: (Judge Kosik)
:
:
JOHNATHAN MINER, WARDEN, and :
ALBERTO GONZALEZ, ATTORNEY :
GENERAL, :
:
        Respondents :

## **ORDER**

AND NOW, this 24th day of August, 2006, in accordance with the foregoing Memorandum, IT IS HEREBY ORDERED AS FOLLOWS:

1. Petitioner is allowed to proceed in forma pauperis in this matter.
2. The petition for writ of habeas corpus pursuant to §2241 is **denied.**
3. The Clerk of Court is directed to **close this case**.

                        s/Edwin M. Kosik
                        United States District Judge